UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN ROY PHILLIPS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1833** |
| **TANGIPAHOA PARISH JAIL, ET AL.** | **SECTION: "R"(5)** |

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Alvin Roy Phillips, an inmate housed at the Tangipahoa Parish Jail in Amite, Louisiana.[1] In his lawsuit filed against defendants, the Tangipahoa Parish Jail, Sheriff Daniel Edwards, Warden Heath Martin, and Parish President Robbie Miller, Plaintiff alleges that he is subjected to unsanitary conditions in the prison. He complains of mold in the dorm that causes him shortness of breath, flies and gnats in the jail, no covers for the mats for sleeping, and roaches on food trays. (Rec. Doc. 5, p. 3). He requests monetary compensation.

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 42 U.S.C. §1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be

---

[1] The Complaint was filed in the United States District Court for the Middle District of Louisiana and transferred to this Court. Rec. Doc. 2.

dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Phillips names the Tangipahoa Parish Jail. However, the prison building itself is not a proper defendant. *Mitchell v. Jefferson Parish Correctional Center, et al.*, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013). A jail is "merely a building, not a 'person' subject to suit under 42 U.S.C. §1983." *Id.*; *accord Culbertson v. J.P.S.O.*, Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017); *Stamps v. Jefferson Parish Correctional Center*, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), *adopted*, 2012 WL 3027945 (E.D. La. July 24, 2012); *Castellanos v. Jefferson Parish Correctional Center*, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008).

Phillips has also named Sheriff Edwards, Warden Martin, and Parish President Miller as defendants, presumably in their purported supervisory capacity over the employees and operations of the jail.[2] An individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980). A supervisory official, like a sheriff or warden, cannot be held liable pursuant to § 1983 simply because an employee or subordinate allegedly

---

[2] He lists them as additional defendants and references their position as "over the jail." Rec. Doc. 5, p. 3.

2

violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). Phillips does not allege that these defendants were personally involved in exposing him to the unsanitary conditions at Tangipahoa Jail or that these defendants were even aware of the facts alleged in this complaint.[3] Nor has Phillips alleged that he was deprived of a constitutional right or suffered physical injury as a direct result of any order, policy, or directive implemented by the Sheriff, Warden, or Parish President. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). His claims against Sheriff Edwards, Warden Martin and President Miller are frivolous and fail to state a claim for which relief may be granted under § 1983.

Even if Phillips had named a proper defendant, his allegations do not suffice to establish a constitutional violation. His claim challenging the alleged unsanitary conditions falls under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state such a claim, Phillips must establish the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991). To fulfill the subjective component, he must demonstrate a "deliberate indifference" to his health or

---

[3] He states in his complaint that he did not file an administrative grievance based on the conditions alleged. Rec. Doc. 5, p. 2 (Section II. B).

3

safety by the defendants. *Farmer*, 511 U.S. at 834. A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is more than mere negligence. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Phillips' allegations concerning his exposure to mold, insects, and no coverings for sleeping mats, while no doubt unpleasant, fail to satisfy the standard set out above to establish a constitutional deprivation. None of the conditions complained about is serious enough to violate the Constitution. The presence of pests, such as gnats, flies or roaches, by itself, is not a constitutional violation. *Harris v. Monfra*, Civ. Action No. 19-13955, at *25 n. 133 (E.D. La. Aug. 13, 2020). Nor is the mere presence of mold a constitutional violation. *Jones v. Martin*, Civ. Action No. 22-1163, 2022 WL 2336091, at *5-6 & n. 38 (E.D. La. May 11, 2022), *report and recommendation adopted*, 2022 WL 2315886 (E.D. La. June 28, 2022); *Stevenson v. Louisiana*, Civ. Action No. 20-449, 2022 WL 264886, at *4 (M.D. La. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 264539 (M.D. La. Jan. 27, 2022). Similarly, Phillips' complaint regarding uncovered sleeping mats, "requiring him to sleep on the fibers of the mats," has no constitutional implications. Even temporary complete deprivation of a mattress, which he does not allege, does not necessarily violate the constitution. *See Smith v. Tanner*, Civ. Action No. 18-3719, 2018 WL 6204617, at *13 (E.D. La. Nov. 5, 2018)

(temporary deprivation of mattress during daylight hours not unconstitutional), *report and recommendation adopted*, 2018 WL 6199974 (E.D. La. Nov. 27, 2018). Phillips has not alleged that any named defendant knew about a risk of serious harm and deliberately ignored it. Prisoners are not guaranteed "comfortable surroundings or commodious conditions," much less protection from "life's occasional inconveniences." *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)); accord *Hernandez v. Valasquez*, 522 F.3d 556, 560 (5th Cir. 2008). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). Phillips' allegations do not rise to the level of a constitutional violation as delineated by the United States Fifth Circuit Court of Appeals. *See*, *e.g.*, *Hope v. Harris*, 861 F. App'x 571, 584 (5th Cir. 2021) (plaintiff's allegations that his two decades in solitary confinement in sometimes unsanitary conditions, including urine, feces, and black mold on the walls caused him physical and psychological deterioration were sufficiently serious to invoke Eighth Amendment concerns); *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) (living conditions by death row prisoner in cells that were "extremely filthy" with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls satisfied Eighth Amendment criteria); *Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999) (allegations that plaintiff was continually placed in cells next to psychiatric patients who scream, beat on metal toilets, short out the power, flood the cells, throw feces, and light fires, resulting in his

5

loss of sleep for days at a time and that he often is moved into filthy, sometimes feces-smeared, cells that formerly housed psychiatric patients stated nonfrivolous Eighth Amendment claim).

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Phillips' complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this 20th day of July, 2023.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.